## Commonwealth v. Little

*Gerald R. Walmer*, for Commonwealth.

*Oscar F. Spicer*, for defendant.

MACPHAIL, P. J., December 22, 1967.—In this case, defendant, Glenn R. Little, stands indicted on a charge of operating a motor vehicle while under the influence of intoxicating liquor. The grand jury approved the indictment on August 21, 1967. Previously, an indict-

ment had been presented to a different grand jury in April of 1967, charging the same defendant with the same offense and that grand jury dismissed the indictment.

Defendant has now presented a motion to dismiss the bill of indictment approved in August, on the grounds that the district attorney failed to follow the provisions of Rule 217 of the Pennsylvania Rules of Criminal Procedure. The narrow issue presented for our determination is whether or not Pa. R. Crim. P. 217 now provides the only means by which an indictment may be presented to a grand jury, where a previous indictment against the same defendant for the same offense was dismissed by another grand jury.

Pa. R. Crim. P. 217 provides as follows:

"A bill of indictment that has been dismissed by a grand jury may be resubmitted to the same or a subsequent grand jury with leave of court".

Prior to the effective date of the rule (January 1, 1965), if an indictment had been submitted to a grand jury and dismissed, the following alternatives were available to a prosecutor who wished to proceed further against defendant notwithstanding the adverse action by the grand jury: (1) The *same* bill could be resubmitted to the same or a subsequent grand jury with leave of court (Commonwealth v. Andruchek, 26 Dist. R. 923 (1917)) or (2) without court approval, a new complaint could be instituted before a justice and a *new* bill of indictment submitted to another session of grand jury: Commonwealth v. Snyder, 13 Dist. R. 27 (1903); and Commonwealth v. Siegrist, 41 D. & C. 353 (1941). There is also authority to the effect that where the prosecutor petitioned the court for permission to resubmit the same bill of indictment and the court refused to grant that permission, the prosecutor could nevertheless proceed de novo: Commonwealth v. Whitaker, 25 Dist. R. 42 (1901).

In the case at bar, defendant argues that even though there are two separate indictments they are, in fact, one and the same and, therefore, in effect, the Commonwealth is resubmitting the *same* indictment and should, therefore, be bound by Pa. R. Crim. P. 217. This is not true. As pointed out in the Snyder case, supra, once the grand jury acts upon a bill and dismisses it, that bill is dead "unless the court sees fit to revive it by permitting the case to be again sent to the same or a subsequent grand jury". The distinction is more than technical; there are, in fact and in law, two separate and different bills of indictment in this case even though the language in both of them may be identical. Pa. R. Crim. P. 217 deals with the resubmission of the *same* bill of indictment and has nothing whatsoever to do with a new bill of indictment.

Next, defendant argues that the provisions of the rule requiring leave of court are for his protection and, therefore, ought to be applied for his benefit in this case. Defendant is not without protection where a new charge is filed without leave of court. The prosecutor is always liable to answer in an action for malicious prosecution, in case it is ascertained that he acted maliciously and without probable cause in making the second complaint. See Snyder case, supra. Further, defendant may always present a motion to dismiss a second or subsequent bill of indictment on the grounds of harassment, malicious prosecution, etc., and the court will respond as it sees fit according to the actual facts of the case. It must be pointed out that no such allegations were embodied in the motion now under consideration. We would also observe that probably the rules were promulgated to protect no one in particular but rather to provide an orderly procedure in the limited area where the rule applies.

Defendant also argues that, since the rule was adopted after certain significant Supreme Court cases dealing with the rights of individuals accused of crime, the fair implication is that the purpose of Pa. R. Crim. P. 217 was to protect defendant's constitutional rights. While this may be an incidental result of the rule, we are satisfied that the rule itself is nothing more than a codification of what the previous practice had been where a bill of indictment was to be resubmitted to the same or a subsequent grand jury. Certainly, if the Supreme Court of Pennsylvania intended that the rule was to prohibit a new bill, based upon a fresh complaint, from being submitted to a subsequent grand jury, it could and would have said so. It must be remembered that this is a rule of *procedure* and not of substantive law.

Finally, defendant argues that if the practice followed by the prosecutor in this case is continued, his constitutional right to a speedy trial will be infringed upon. It will be noted that this defendant was reindicted in the term of court next following the adverse action by the grand jury. If he is prejudiced in any way, he may certainly present a petition alleging such facts as would justify the conclusion that there has been an infringement upon this valuable right. Such facts are totally absent from the motion before us now. All that defendant argues here is that the wrong *procedure* was followed.

It must be observed that the language of the rule itself is not mandatory. It plainly says that a bill of indictment which has been dismissed "may" be submitted to the same or a subsequent grand jury with leave of court. We believe that the fair interpretation of the language used in the rule is to provide an option to the prosecutor to proceed by resubmitting the same bill to the same or a subsequent grand jury,

but, if this procedure is followed, it must be done with leave of court. We do not feel that the intention of the rule was to prescribe the *exclusive* procedure to be followed in the facts of this case.

We are of the opinion that the Commonwealth had every right, under existing law, to file a new charge against defendant without leave of court, and that adequate remedies are available to defendant to protect his constitutional rights, to guarantee him a speedy trial, and to protect him from the harassment of excessive bills of indictment.

And now, December 22, 1967, the motion to dismiss the bill of indictment is refused. Defendant is ordered to appear for final formal arraignment at the call of the district attorney.